**AFFIRM in part, REVERSE in part, RENDER in part, and REMAND; Opinion Filed August 21, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01425-CV

**ALBERT MORRIS AND TILDA MORRIS, FOR AND ON BEHALF OF THEMSELVES AND FOR THEIR MINOR CHILDREN K. MORRIS AND A. MORRIS, STEPHANIE MORRIS, AND ADAORAH MORRIS, Appellants**

**V.**

**UNIFIED HOUSING FOUNDATION INC., UNIFIED HOUSING OF INWOOD, LLC D/B/A INWOOD ON THE PARK APTS., SUNCHASE AMERICAN, LTD., CITY OF DALLAS, AND LUI AKWURUOHA, Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-15358**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

Appellants were the plaintiffs in this suit for personal injuries, "malicious" contract breaches arising from an apartment lease, and federal civil rights violations. Their claims arose from an incident in which appellant Albert Morris was allegedly assaulted and injured without justification by an off-duty Parkland Hospital police officer and by City of Dallas police officers in the parking lot of an apartment complex where his daughter lived.

Defendant–appellee City of Dallas obtained dismissal of some of appellants' claims against it based on a plea to the jurisdiction and dismissal of the rest of the claims on summary judgment.[1]

Defendants–appellees Unified Housing Foundation, Inc., Unified Housing of Inwood, LLC d/b/a Inwood on the Park Apts., and Sunchase American, Ltd., the landlord group and employer of the off duty Parkland Hospital police officer involved in this case, (collectively "Unified") obtained dismissal of all of appellants' claims against them on summary judgment.

Appellee Lui Akwuruoha was appellants' attorney for part of the proceedings below. Appellants appeal from the trial court's awarding Akwuruoha an attorney's fee of $3,600 based on quantum meruit.

Appellants raise four issues on appeal: (1) Did the trial court err by dismissing appellants' claims against the City and Unified; (2) Did the trial court err by denying appellants' request for sanctions against Unified; (3) Was the evidence sufficient to support the award of attorney's fees; and (4) Did the trial court abuse its discretion by granting Akwuruoha's request for attorney's fees?

For the reasons discussed below, we reverse the trial court's judgment in part, render in part, affirm in part, and remand for further proceedings consistent with this opinion.

## I. FACTUAL ALLEGATIONS

We draw the following allegations from appellants' live pleading and from the statement of facts in appellants' brief:[2] Appellant Albert Morris was in the Inwood on the Park apartment complex parking lot at about 3:00 a.m. on December 13, 2009. He was there to visit his daughter, appellant Stephanie Morris, who lived in the complex. Albert was sitting in his car

---

[1] The Dallas County Hospital District and its employee, Officer Thomas, settled with appellants and are not part of this appeal.

[2] Appellees dispute many of these alleged facts, but those differences are not material to this appeal. For purposes of this appeal, we assume the truth of appellants' factual contentions as they alleged them in the trial court, unless appellees conclusively refuted them.

talking on the telephone.[3] Security guard Dennis W. Thomas, an off-duty Parkland Hospital police officer, approached Albert with a flashlight and asked him for his apartment number. Albert was apprehensive because Thomas was dressed entirely in black and had a black hood over his head and face.

Albert ended his phone call and called Stephanie, who then came out to the parking lot. Although Stephanie asked Thomas what was wrong and identified Albert as her father, Thomas ignored her. Instead, he called the City for police back-up. Albert got out of the car, and he and Stephanie began walking to her apartment. When they reached the hallway in front of her unit, about twenty uniformed police officers "jumped on" them with Thomas's assistance. The officers pushed Albert down and stood on his back, injuring him. They also placed "heavily tightened handcuffs" on Albert and "wedged him" into their motor vehicle.

At some point the police officers realized they had made a mistake and called an ambulance. But instead of taking Albert to receive treatment for his physical injuries, the police routed the ambulance to the psychiatric ward of Parkland Hospital. The police also created false reports involving "mental delirium" to cover up their earlier mistake. Albert was eventually released from Parkland at about 11:30 a.m. that same day.

Shortly after the incident, Unified sent Stephanie a notice to vacate, asserting that she had violated the lease. Unified then filed a suit for eviction, which eventually settled.

## II. ANALYSIS OF ISSUES RELATING TO UNIFIED

### A. Background.

Appellants ultimately asserted against Unified (i) a variety of state tort claims, (ii) federal statutory civil rights claims (appellants added these federal claims after Unified filed its summary judgment motion), and (iii) breach of contract/lease claims based on the incident giving

---

[3] We use appellants' first names for ease of reference.

rise to this case and Unified's subsequent efforts to evict Stephanie. The trial court entered a summary judgment dismissing all of appellants' claims against Unified. Appellants' first issue, in part, challenges the trial court's summary judgment. Their second issue challenges the denial of their sanctions request against Unified.

Unified's summary judgment motion sought the dismissal of all of appellants' tort claims based on limitations. Unified's limitations arguments posited that all of appellants' tort claims (except the federal claims, which had not yet been asserted) were barred by a one- or two-year statute of limitations. Unified's motion argued that appellants filed suit more than one year after the claims accrued, thus barring the defamation claim which has a one-year limitations period, and further argued that the claims with a two-year statute were time-barred because although appellants filed suit within the limitations period, they failed to exercise continued diligence in effecting service.[4]

In response to Unified's limitations arguments, appellants asserted that (i) they exercised sufficient diligence in serving Unified; (ii) limitations was tolled for all appellants based on Albert's unsound mind; (iii) limitations was tolled as to the children based on their being minors; and (iv) limitations had not expired as to their defamation claims because there was a continuing publication of the defamatory statements.

Unified also sought dismissal of all appellants' breach of contract claims based on the lease, except as to Stephanie, because there was no contract between them and Unified to be breached. As to Stephanie, Unified sought dismissal of her breach of contract and breach of warranty claims because it conclusively established its right to terminate the lease and because she had no damages from the alleged breach.

---

[4] Unified filed its motion before Adaorah joined the suit as a plaintiff, so the motion did not discuss the fact that Adaorah filed his clams more than two years after the incident.

As to the breach of contract claims, appellants argued that Stephanie was a contracting party with Unified and that there were fact issues regarding whether Unified properly invoked lease provisions authorizing it to terminate the lease under circumstances that Unified alleged that the incident gave rise to.

For the reasons explained below, we conclude that (i) the trial court did not err by granting summary judgment dismissing all of appellants' state law claims; (ii) the trial court erred by dismissing appellants' federal civil rights claims because Unified's motion did not address those claims; and (iii) appellants did not adequately brief their appeal of the summary judgment dismissing their breach of contract claims. Accordingly we sustain appellants' first issue in part and overrule it in part.

## B. Procedural History as to Unified.

On December 8, 2011—five days before the incident's second anniversary—all of the appellants except for Adaorah Morris[5] filed this suit against the City, Unified, and many other defendants. Appellants, however, did not request service of process at that time. Albert is an attorney, and he represented both himself and his family members.

The trial court eventually gave notice that it intended to dismiss the case on March 19, 2012 for want of prosecution. Appellants, again excepting Adaorah, filed an amended petition on March 16.

On March 26, the trial court sent a new notice of intent to dismiss for want of prosecution. On that same date, appellants filed a request for service of process on some of the defendants.

---

[5] Adaorah is apparently an adult child of Albert and Tilda. Appellants' live petition alleged that Adaorah was in Sugar Land, Texas, at the time of the incident, and K. Morris called him on the telephone while the incident was in progress.

After being served, Unified answered and later filed a motion for summary judgment based primarily on the statute of limitations. Several days later, appellants (including Adaorah) filed a second amended petition. Appellants also filed a summary judgment response and later filed a third amended petition, which remained their live pleading until final judgment. The third amended petition asserted claims against Unified for state law torts, breach of lease and breach of implied warranties, and violations of appellants' federal civil rights.

The trial court granted Unified's summary judgment motion and dismissed all claims against Unified without stating its reasons. Unified subsequently filed a motion to sever. Appellants followed with a "motion to set aside" the summary judgment order.

Almost a year went by, during which appellee Akwuruoha began to appear as appellants' counsel.

Appellants thereafter filed a "supplement" to their motion to set aside Unified's summary judgment order. And Unified then filed a Texas Rule of Civil Procedure 13 and Texas Civil Practice and Remedies Code Chapter 10 "motion/counterclaim" for sanctions against appellants and Akwuruoha. A few days later, the trial court granted Unified's motion for severance, severing out all the claims *against* Unified, but not severing Unified's "motion/counterclaim."[6]

Appellants timely filed a notice of appeal from Unified's summary judgment. They also filed a response to the sanctions motion in which they argued that the sanctions motion was itself brought in bad faith and requested an award of attorneys' fees as a sanction. The trial court never expressly ruled on Unified's or appellants' sanctions requests. Appellants amended their notice of appeal to specify that they were also appealing the denial by operation of law of their request for sanctions.

---

[6] The order directed the claims against Unified to be severed into a new case and assigned a new cause number, and it ordered that certified copies of certain pleadings should be made and filed in the new case, but we can find no indication in the record that these orders were ever implemented.

The trial court later rendered a final judgment. Because the final judgment contained language clearly and unequivocally indicating the trial court's intent to dispose of the entire case, it implicitly denied Unified's and appellants' claims for sanctions against each other. *See generally Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205–06 (Tex. 2001).

**C.    Appellants' First Issue (as to Unified):  Did the trial court err by granting summary judgment for Unified?**

**1.    Standard of Review.**

We review a summary judgment de novo. *Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex. App.—Dallas 2009, no pet.). When we review a traditional summary judgment in favor of a defendant, we determine whether the defendant conclusively disproved an element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). We must take evidence favorable to the nonmovant as true, and we must indulge every reasonable inference and resolve every doubt in the nonmovant's favor. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994).

**2.    State Tort and Federal Statutory Claims.**

Appellants' third amended petition asserted the following extra-contractual claims against Unified: (1) gross negligence; (2) violations of 42 U.S.C. § 1981, § 1982 and § 1983; (3) false arrest; (4) assault and battery; (5) negligent infliction of physical injury; (6) intentional infliction of emotional distress; (7) defamation; and (8) negligent hiring of Thomas. Unified's summary judgment motion, which was filed before appellants' third amended petition, argued that limitations barred all of those claims except gross negligence, negligent hiring, and the federal civil rights claims. The trial court granted Unified's motion as to all of appellants' claims. Appellants' appellate brief challenges that ruling.

On summary judgment, a defendant who relies on a limitations defense must prove conclusively when the plaintiff's cause of action accrued. *Equitable Recovery, L.P. v. Heath Ins.*

*Brokers of Tex., L.P.*, 235 S.W.3d 376, 385 (Tex. App.—Dallas 2007, pet. dism'd). Generally, a claim accrues when a wrongful act causes some legal injury, even if all resulting damages have not yet occurred. *Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 640 (Tex. App.—Dallas 2013, no pet.). If the plaintiff filed suit within the limitations period but did not serve the defendant with process until after limitations expired, the date of service relates back to the date suit was filed only if the plaintiff continuously exercised diligence to achieve service. *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied). Although the defendant moving for summary judgment bears the burden of proving lack of diligence, the defendant can carry this burden by showing an unexplained lapse of time between the filing of the suit, the issuance of the citation, and the service of process. *Id*.

Appellants raise several arguments regarding the trial court's summary judgment favoring Unified based on limitations. We address those arguments in turn.

### a. The Amended Pleading's Effect.

Appellants argue that Unified's summary judgment motion based on limitations was moot because appellants amended their petition after Unified filed its motion. Unified's motion attacked appellants' live pleading at the time, which was their first amended petition, but by the time of the summary judgment hearing appellants' live pleading was their third amended petition. We agree, in part, with appellants' argument challenging the trial court's summary judgment dismissing appellants' claims.

Generally, summary judgment cannot be granted as to new claims that are added by an amended pleading filed after the summary judgment motion is filed. *Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 350 (Tex. App.—Dallas 2013, no pet.). There are, however, exceptions to this rule. For example, summary judgment on the new claims may be proper if the new claims essentially reiterate previously pled claims, if a summary judgment

ground conclusively negates a common element of both old and new claims, or if the summary judgment motion is broad enough to encompass the new claims. *Id.*

We have compared Unified's summary judgment motion to the live claims in appellants' third amended petition. The following live claims were pled earlier and were addressed by the summary judgment motion: (1) false arrest, (2) assault and battery, (3) negligent infliction of physical injury, (4) intentional infliction of emotional distress, and (5) defamation. We conclude that two of appellants' new claims in their third amended petition, gross negligence and negligent hiring, were merely reiterations of appellants' prior claims for personal and emotional injuries, and that Unified's summary judgment motion based on limitations was broad enough to encompass them. For the reasons discussed below, we conclude that the summary judgment dismissing the state tort claims was proper.

But, on the other hand, we conclude that Unified's motion cannot be read so broadly as to attack appellants' federal claims against Unified under 42 U.S.C. §§ 1981–1983. The motion contains no discussion of the statute of limitations principles applicable to those federal claims, nor does it identify and attack any elements of those claims that they might share with the breach of contract claims that the motion did address. We thus conclude that the trial court erred by granting summary judgment and dismissing the federal claims against Unified under 42 U.S.C. §§ 1981–1983.

### b. Defamation.

Appellants argue that the trial court erred by dismissing their defamation claims because Unified did not conclusively prove when those claims accrued. We are not persuaded.

The statute of limitations for defamation is one year. TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (West 2002). Defamation claims generally accrue on the date the defamatory

–9–

communication is made. *See Ellert v. Lutz*, 930 S.W.2d 152, 156 (Tex. App.—Dallas 1996, no writ).

Unified relied on appellants' live pleading to establish the accrual date of appellants' claims. That pleading alleged that the police officers involved in the incident made malicious and fabricated entries in their official report about the incident. Although appellants' live pleading does not expressly aver the date on which these alleged statements were made, it does allege that the incident occurred the morning of December 13, 2009. Moreover, appellants attached the police incident report and the application for emergency detention to their summary judgment response, and those documents reflect that they were written on December 13, 2009. Although appellants argue on appeal that the distribution of the reports is still ongoing, they cite no summary judgment evidence that any allegedly defamatory statements were published on any date other than December 13, 2009.

We reject appellants' accrual argument specific to their defamation claims against Unified. We conclude that, because appellants filed suit more than one year after the alleged defamation occurred, summary judgment was proper as to appellants' defamation claims against Unified.

### c. Tolling of Limitations for Minority and Unsoundness of Mind.

Appellants argue that the trial court erred by granting summary judgment because they raised a genuine fact issue that Texas Civil Practice and Remedies Code § 16.001 tolled limitations as to the claims brought on behalf of Albert and Tilda's minor children and as to Albert's own claims as well. They argue that their children were entitled to tolling under § 16.001(a)(1) and that Albert was entitled to tolling under § 16.001(a)(2). *See* CIV. PRAC. § 16.001(a)(1) (persons younger than 18 are under legal disability); *id.* § 16.001(a)(2) (persons of

–10–

unsound mind are under legal disability). A disability must exist when a cause of action accrues in order to toll limitations. *Id*. § 16.001(b).

### (1)    Unsound Mind.

On summary judgment, a claimant seeking to toll limitations based on the unsound mind provision bears the burden of producing evidence sufficient to raise a genuine fact issue regarding his or her mental incapacity for the necessary time period. *See Chavez v. Davila*, 143 S.W.3d 151, 156 (Tex. App.—San Antonio 2004, pet. denied); *Grace v. Colorito*, 4 S.W.3d 765, 769–70 (Tex. App.—Austin 1999, pet. denied); *see also Yancy v. United Surgical Partners Int'l, Inc.*, 170 S.W.3d 185, 190 (Tex. App.—Dallas 2005) (claimant bears burden of showing unsound mind to invoke tolling under the Open Courts Clause), *aff'd*, 236 S.W.3d 778 (Tex. 2007).  Albert's summary judgment evidence did not meet this test.  He filed with his response two reports concerning the incident in question, a "peace officer application for emergency detention" and a police incident report.  The reports described Albert as being disoriented, unresponsive to commands, and given to emotional outbursts.  But, assuming without deciding that these documents raise a genuine fact issue that Albert's mental incapacity was sufficient to satisfy § 16.001(a)(2), we conclude they are no evidence of how long these alleged conditions lasted, or that they persisted beyond the date of the incident, December 13, 2009.

Albert also attempts to rely on a letter by his treating psychologist, George P. Grimes, Ph.D., to show his unsoundness of mind, but this letter was not before the trial court when it granted summary judgment for Unified.  Appellants filed a motion to set aside Unified's summary judgment shortly after the order was signed, and they filed a supplement to that motion about eleven months after the order was signed.  The supplement included the Grimes letter. Because that letter was filed *after* the trial court granted summary judgment and there is no indication that the trial court considered it, we do not consider the Grimes letter when reviewing

–11–

the propriety of that judgment.[7] *See Circle X Land & Cattle Co., Ltd. v. Mumford Indep. Sch. Dist.*, 325 S.W.3d 859, 863 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) ("[W]hen a motion for reconsideration or new trial is filed after a summary-judgment motion is heard and ruled upon, the trial court may ordinarily consider only the record as it existed before hearing the motion the first time.").

Albert attempts to shore up his argument by contending that Unified should be equitably estopped from denying that Albert was under a disability. He cites *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515–16 (Tex. 1998), for the premise that estoppel generally prevents one party from misleading another to the other's detriment or the misleading party's own benefit. But he does not explain how estoppel supports his tolling argument, nor does he point to any evidence showing that Unified misled him in any relevant way. We thus reject Albert's tolling argument.

### (2)    Minority.

Next, we consider whether appellants produced any summary judgment evidence raising a fact issue regarding whether their children were under the age of eighteen when their claims accrued. We conclude that they did not.

Appellants asserted in their summary judgment response that "*some* of the Plaintiffs are of minority age," (emphasis added), and they attached a one-paragraph affidavit by Albert in which he purported to testify that all the facts stated in the response were true and correct. But statements in a summary judgment response are not competent evidence, even if the response is verified. *See Wol+Med Sw. Dallas Ltd. P'ship v. Dallas Cent. Appraisal Dist.*, No. 05-12-00011-CV, 2013 WL 1247053, at \*1–2 (Tex. App.—Dallas Feb. 27, 2013, no pet.) (mem. op.).

---

[7] The trial court, without stating its reasons for doing so, denied appellants' motion to set aside Unified's summary judgment. The court did not grant leave for the late filing of the Grimes letter.

–12–

And the "affidavit" itself contains no factual averments beyond its assertion that the facts stated in the response are true and accurate, so standing alone it constitutes no evidence. So appellants also failed to raise a genuine fact issue as to tolling as to a specific appellant under § 16.001(a)(1).

### d. Diligent Service of Process.

Appellants' remaining argument is that they diligently sought service of process on Unified after filing suit so that the date of service relates back to the date of filing of their suit. We consider this argument as to appellants' claims not disposed of above, namely (1) gross negligence; (2) false arrest; (3) assault and battery; (4) negligent infliction of physical injury; (5) intentional infliction of emotional distress; and (6) negligent hiring of Thomas. Appellants do not dispute that a two-year statute of limitations applies to these claims or that these claims accrued on December 13, 2009. The record shows that appellants timely filed suit on December 8, 2011, that they requested issuance and service of citation on March 26, 2012 (over three-and-a-half months later, and after limitations had run), and that Unified was served on April 28, 2012.

As noted above, a defendant can establish lack of diligence by showing an unexplained time lapse between the filing of the suit, the issuance of the citation, and the service of process. *Boyattia*, 18 S.W.3d at 733. In *Boyattia*, the plaintiff requested issuance and service of the citation when she filed her lawsuit, but three months passed before the clerk actually delivered citation to the constable for service on defendant Dallas County. *Id*. at 732. Service on the county was not effected for another month. *Id*. We held that the three-month delay in the issuance of citation established the plaintiff's lack of diligence as a matter of law because there was no evidence the plaintiff took any steps during that time period to urge the clerk to issue citation. *Id*. at 734.

*Boyattia* is controlling here. Over three and a half months passed between the filing of suit and appellants' request for issuance of citation. Absent evidence showing appellants' diligence during this time period, the unexplained delay establishes lack of diligence as a matter of law. *See id.* The only evidence of an explanation that appellants point to is a late-filed letter from Albert's treating psychologist. As we have already noted, the trial court did not consider this late-filed letter as evidence, so we do not consider it on appeal. *See Circle X Land & Cattle Co.*, 325 S.W.3d at 863. Accordingly, there was no genuine issue of material fact, and Unified conclusively established its defense of limitations as to appellants' state law tort claims.

### 3. Breach of Lease Contract and Breach of Warranty Claims.

This leaves appellants' breach of lease contract and breach of warranty claims against Unified. Unified sought summary judgment on these claims on two bases: (1) none of appellants had a contract with Unified except for Stephanie, and (2) the evidence established that Stephanie breached the lease, so her subsequent eviction was not a breach by Unified.[8]

Appellants' brief contains only a few scattered references to their contract and warranty claims. In those references, the brief does not discuss relevant legal authorities or attempt to apply them to the facts of this case, supported with appropriate citations to the record. We conclude that appellants have inadequately briefed any challenge to the summary judgment on their contract and warranty claims against Unified. *See In re B.A.B.*, 124 S.W.3d 417, 420 (Tex. App.—Dallas 2004, no pet.).

### 4. Conclusion.

The trial court did not err by granting summary judgment dismissing all of appellants' claims against Unified, except their claims for violations of 42 U.S.C. §§ 1981–1983, which

---

[8] Appellants' live pleading did not specify how Unified allegedly breached the lease, but Unified's summary judgment motion assumed that appellants were relying on Unified's efforts to evict Stephanie after the December 13 incident. Appellants do not dispute that this conduct was the basis of their breach of contract claims.

–14–

were not addressed in Unified's summary judgment motion.[9] We thus overrule appellants' first issue as it concerns their state law tort and contract claims against Unified, and we sustain appellants' first issue as it concerns appellants' federal civil rights claims against Unified.

**D.**   **Appellants' Second Issue:  Did the trial court err by failing to grant appellants' request for sanctions in response to Unified's motion for sanctions?**

Appellants' second issue argues that the trial court erred by failing to grant their request for attorneys' fees and other sanctions, which they presented in response to Unified's own motion for sanctions.  Their argument in support is less than a page long, contains no citations to relevant legal authorities, and does not present a coherent argument explaining the standard of review or why we should conclude that the trial court erred under the proper standard of review. We conclude that appellants' second issue is inadequately briefed.  *See In re B.A.B.*, 124 S.W.3d at 420.

### III.   ANALYSIS OF ISSUES RELATING TO THE CITY

Appellants asserted several state tort and federal civil rights claims against the City.  The trial court dismissed the state tort claims based on the City's plea to the jurisdiction and dismissed the federal claims on summary judgment.  Appellants' first issue, in part, also challenges both rulings.  For the reasons discussed below, we affirm the trial court's judgment favoring the City.

**A.**   **Additional Procedural History as to the City.**

Appellants' original petition asserted a mix of state law tort claims and federal civil rights claims against the City.  The City answered appellants' suit and filed a plea to the jurisdiction asserting governmental immunity.  In appellants' third amended petition, they attempted to plead state negligence claims within the Texas Tort Claims Act's waiver of immunity, and they pled

---

[9] Appellants do not assert an issue complaining of the trial court's denial of their motion for reconsideration of Unified's summary judgment, but their argument contains a short passage in which they assert that a new trial should have been granted.  We do not address this argument because it is not adequately briefed.  *See In re B.A.B.*, 124 S.W.3d at 420.

–15–

federal claims under 42 U.S.C. § 1981 and § 1983. The City filed a new plea to the jurisdiction after appellants filed their third amended petition. The plea asserted governmental immunity against all of appellants' state law tort claims and argued that appellants' tort claims were actually for intentional torts. Appellants filed a response.

The trial court eventually granted the City's plea to the jurisdiction and dismissed appellants' state law tort claims against the City for assault and battery, abuse of process, malicious prosecution, false arrest, false imprisonment, and defamation.[10] The City then filed a summary judgment motion that attacked appellants' federal claims on both traditional and no-evidence grounds. Appellants filed a response.

The trial court granted the City's summary judgment motion. The order remained interlocutory for a time because appellants still had claims pending against other defendants. Eventually the court rendered a final judgment clearly and unequivocally resolving the entire case as to all remaining claims and defendants. To the extent the court's order on the City's plea to the jurisdiction had failed to dispose of any of appellants' state law tort claims, the final judgment dismissed them.

## B.    Appellants' First Issue (as to the City):  Did the trial court err by dismissing all of appellants' claims against the City?

As to the City, appellants' first issue presents two distinct questions: (1) Did the trial court err by dismissing appellants' state law tort claims for lack of jurisdiction based on the City's plea to the jurisdiction?  (2) Did the trial court err by dismissing all of appellants' federal civil rights claims on summary judgment?

---

[10] Appellants' third amended petition did not expressly assert these theories against the City, but the order granting the City's plea to the jurisdiction expressly dismissed them each by name.  It appears that the trial court accepted the City's argument that appellants' negligence claims against the City were attempts to recast what were actually intentional torts as negligence claims to avoid governmental immunity issues.

**1.     State Law Tort Claims.**

The City's plea to the jurisdiction argued that all of appellants' state law claims were intentional torts for which immunity was not waived. *See* CIV. PRAC. § 101.057(2) (immunity not waived for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort"). The City argued alternatively that any claims not within the intentional-tort exclusion were still barred by immunity because those claims did not arise from the use or operation of a motor-driven vehicle or the condition or use of tangible personal or real property. *See id.* § 101.021.

We conclude that appellants have not adequately briefed their challenge to the order granting the City's plea to the jurisdiction. Although appellants' statement of their first issue encompasses both the City's plea to the jurisdiction and its summary judgment motion, their argument does not adequately address the City's plea to the jurisdiction grounds. Instead, appellants make only a few scattered references to concepts that arguably have some bearing on the City's jurisdictional argument. These references are not adequately supported by legal authorities, record citations, or coherent argument. *See In re B.A.B.*, 124 S.W.3d at 420.

Alternatively, we conclude that appellants did not preserve the only argument that they arguably adequately briefed on appeal. Appellants' brief asserts that the City is not entitled to immunity because it engaged in a joint enterprise with other tortfeasors. But appellants did not argue joint enterprise in their response to the City's plea to the jurisdiction. They raised joint enterprise for the first time in a motion for reconsideration filed after the trial court had already granted the City's plea. This was not timely and did not preserve error. *See* TEX. R. APP. P. 33.1(a)(1); *cf. City of Lancaster v. Clopton*, 246 S.W.3d 837, 839 (Tex. App.—Dallas 2008, no pet.) (summary judgment argument raised for the first time in postjudgment motion was waived).

Thus, we conclude that appellants have not shown that the trial court erred by granting the City's plea to the jurisdiction dismissing appellants' state law claims against the City.

## 2. Federal Civil Rights Claims.

Appellants asserted federal civil rights claims against the City under 42 U.S.C. § 1981 and § 1983. The City's summary judgment motion argued that (i) the claims were barred by limitations, (ii) § 1981 does not create a private cause of action on the facts alleged by appellants, and (iii) appellants had no evidence of several essential elements of their § 1983 claims, namely:

- that appellants were deprived of rights secured by § 1981 or the Equal Protection Clause of the Fourteenth Amendment,

- that an official City policy was the "moving force" and actual cause of any deprivation of appellants' Fourth or Fourteenth Amendment rights, or that the City's final policymakers were deliberately indifferent to a known or obvious risk that a City custom having the force of official policy would lead to a deprivation of those rights, and

- that a deficiency in the supervision or training of City police officers was the "moving force" and actual cause of any deprivation of appellants' Fourth or Fourteenth Amendment rights, or that the City's final policymakers were deliberately indifferent to a known or obvious risk that a supervision or training deficiency would lead to a deprivation of those rights.

Appellants' brief addresses limitations, but it does not address the City's specific ground attacking appellants' § 1981 claims, nor does it address the City's no-evidence attacks on appellants' § 1983 claims. These omissions are fatal to appellants' appeal as to their federal civil rights claims. Specifically, "[i]f an appellant does not challenge each possible ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground." *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied); *see also Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

We overrule appellants' issue claiming that the trial court erred by granting the City's summary judgment motion and dismissing appellants' federal civil rights claims against the City.

–18–

**A.** **Appellants' Third and Fourth Issues:  Did the trial court err by awarding attorney's fees to Akwuruoha?**

The final judgment awarded Akwuruoha the amount of $3,600 as combined attorney's fees and expenses.  Appellants' third issue contends that the award is supported by legally and factually insufficient evidence of the elements of quantum meruit.  Appellants' fourth issue contends that the award was an abuse of discretion for various other reasons.  For the reasons discussed below, we conclude that appellants' third issue is meritorious and, thus, do not reach the fourth issue.

**B.** **Additional Procedural History as to Akwuruoha.**

Akwuruoha began appearing as appellants' counsel in early 2013.  By the end of 2013, appellants' claims against Unified and the City had been dismissed, and the remaining defendants had reached a settlement with appellants.  A guardian ad litem had also been appointed to represent the interests of the minor appellants.

The trial court held a "minor prove up" hearing on January 10, 2014, but no order resulted from that hearing.  A few days later, Akwuruoha filed a "brief in support for allocation of attorney fees."  According to that brief, Albert objected at the January 10 hearing to any award of settlement proceeds to Akwuruoha as attorney's fees because there was no written contract. The brief further asserted that the trial court had asked Akwuruoha to submit briefing addressing whether the court could allocate a fee without a written contract.  The brief argued that Akwuruoha could recover his fee under a quantum meruit theory and requested a fee of one-third of the settlement amount.  Akwuruoha attached his own affidavit to the brief in which he testified that he had incurred $600 in costs relating to the case, that he had spent at least 21 hours representing appellants, and that his hourly rate of $250 per hour is customary for attorneys of

similar experience handling similar cases in Dallas County. Appellants filed a response in opposition to Akwuruoha's brief.

The trial court held a hearing on February 13, 2014, and on that date the judge signed an order ruling (i) that Akwuruoha could not recover a contingent fee because he did not have a written contingency fee contract, and (ii) that the court "at the time of the confirmation of the settlement in this matter, shall take evidence as to whether an award of attorney's fees is appropriate to former counsel, and in what amount, if any."

The trial court then held a final hearing on February 27, 2014. Albert appeared by telephone, and Akwuruoha appeared in person. The trial judge asked them some questions about their fee arrangement, after which he stated that he would award Akwuruoha $3,600. The judge signed a final judgment several days later in which he awarded Akwuruoha $3,600 in reasonable attorney's fees and expenses "under the legal principle of *quantum meruit*."

## C.    Sufficiency of the Evidence.

Appellants challenge the legal and factual sufficiency of the evidence to support the elements of quantum meruit. When an appellant attacks the legal sufficiency of the evidence to support an adverse finding on an issue on which he did not have the burden of proof, he must demonstrate that no evidence supports the finding. *Hoss v. Alardin*, 338 S.W.3d 635, 640 (Tex. App.—Dallas 2011, no pet.). "When evidence is so weak as to do no more than create a surmise or suspicion of the matter to be proved, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Guevara v. Ferrer*, 247 S.W.3d 662, 668 (Tex. 2007) (internal quotations and citation omitted).

The elements of quantum meruit are (1) valuable services were rendered or materials furnished, (2) to the defendant, (3) which services or materials were accepted, used and enjoyed by the defendant, (4) *under such circumstances as reasonably notified the defendant that the*

–20–

*claimant was expecting to be paid by him. Fulgham v. Fischer*, 349 S.W.3d 153, 159 (Tex. App.—Dallas 2011, no pet.); *see also Celmer v. McGarry*, 412 S.W.3d 691, 708–09 (Tex. App.—Dallas 2013, pet. denied) (quantum meruit is available when there is no enforceable contract). Appellants focus on the fourth element, arguing there was no evidence of any circumstances whereby Akwuruoha reasonably notified appellants that he was expecting to be paid for his services. We agree with appellants.

First, Albert testified at the hearing that Akwuruoha agreed to represent appellants on a pro bono basis. He later referred to a letter agreement that he had filed as an attachment to a brief. In that letter, addressed to Akwuruoha, Albert set forth an agreement whereby he and Akwuruoha would trade legal services on some pending cases. But Albert admitted that Akwuruoha had not signed that letter agreement. The trial court, being the arbiter of the witnesses' credibility, was not obliged to believe Albert's testimony. Indeed, the judge stated on the record that he was not persuaded by Albert's testimony. But even if the trial court disbelieved Albert's testimony, that disbelief did not convert Albert's testimony into affirmative evidence of the fourth element of quantum meruit. *See R.T. Herrin Petroleum Transp. Co. v. Proctor*, 338 S.W.2d 422, 427 (Tex. 1960); *Collin Cnty. Criminal Dist. Attorney's Office v. Akhavan*, No. 05-10-00153-CV, 2011 WL 2028219, at *3 (Tex. App.—Dallas May 25, 2011, no pet.) (mem. op.).

Second, turning to Akwuruoha's evidence, we first consider his affidavit that he submitted as an attachment to his brief in support of his request for fees. We conclude that his affidavit is no evidence of the fourth element of quantum meruit. The affidavit recites the services Akwuruoha provided in the case, the time he spent on those services, and his hourly rate. But it contains no testimony explaining how Akwuruoha came to represent appellants, and

it does not show any circumstances that reasonably notified appellants that Akwuruoha was expecting to be paid for his services.

Finally, we have reviewed Akwuruoha's hearing testimony. We conclude that he presented no testimony of any circumstances reasonably *notifying appellants* that he was expecting to be paid for his services. The following (with the questions being posed by the trial court) is the entirety of his relevant hearing testimony:

Q:     Is it your belief that your work on this matter was on a pro bono basis?

A:     No, Your Honor, it wasn't my belief.

. . . .

Q:     Tell me what amount you believe you're entitled to.

A:     Your Honor, I had indicated earlier that I was due $3,600.

Q:     Okay. Tell me the basis for that.

A:     Your Honor, initially I was counting on a contingency fee that is normally 30 percent but—

Q:     30 percent.

A:     Thirty-three and one-third.

Q:     Thirty-three and one-third percent, I gotcha.

A:     Yes. But in consideration of the fact that Mr. Morris also spent and in consideration of the fact that there were minors involved, I agreed—I decided to reduce that demand from 33 percent—33 and a third percent which would have amounted to about 5,000. . . .

The testimony shows, at most, that Akwuruoha subjectively believed he was not working pro bono and that at some point he made a demand for payment. As we discuss below, however, that Akwuruoha subjectively expected to be paid does not mean that he objectively communicated that expectation to appellants.

Akwuruoha relies on our *Celmer v. McGarry*, 412 S.W.3d 691 (Tex. App.—Dallas 2013, pet. denied), opinion to support his argument that he met his burden to establish a quantum

meruit recovery, but we conclude that *Celmer* is distinguishable. *Celmer* was a fee dispute between a lawyer and his client. *Id*. at 694. They had a long history, and the terms of their fee agreement changed over time. *Id*. at 696–700. At the end of the representation, the lawyer sued the client for breach of contract and quantum meruit, and a jury found in the lawyer's favor on both claims. *Id*. at 695. On appeal, we held that the breach of contract award could not stand because there was no evidence of an enforceable fee agreement. *Id*. at 704. But we concluded that the lawyer was entitled to judgment based on certain quantum meruit findings by the jury. *Id*. at 709–10.

In *Celmer*, there was no question but that the client knew that the lawyer expected to be paid for his services. *See id*. at 697–98. For example, there was direct evidence that the lawyer and client discussed that fact. They just did not agree on the fee amount.

Here, however, there is no such evidence. Instead, Albert denies that he was ever put on notice of Akwuruoha's expectation to be paid and claims that he and Akwuruoha agreed to trade their legal services without any payment. Although Akwuruoha said he *expected* to be paid 33⅓% of any recovery, there was no testimony that Akwuruoha ever agreed to any compensation with Albert or anyone else, or that Akwuruoha conveyed an expectation to appellants that he would be compensated for his work.

Moreover, Akwuruoha does not cite any record evidence showing that he notified appellants that he expected to receive a fee for his work in this case. Nor have we found any such record evidence.

We thus conclude that the evidence supporting the $3,600 award to Akwuruoha is legally insufficient. Accordingly, we sustain appellants' third appellate issue and need not consider their fourth appellate issue.

## V.  DISPOSITION

We reverse the trial court's judgment with respect to its dismissal of appellants' claims against Unified under 42 U.S.C. §§ 1981–1983 and with respect to its award of attorney's fees and expenses to Akwuruoha, render judgment that Akwuruoha take nothing, and affirm the remainder of the trial court's judgment.  We remand the case for further proceedings consistent with this opinion.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

131425F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ALBERT MORRIS AND TILDA MORRIS, FOR AND ON BEHALF OF THEMSELVES AND FOR THEIR MINOR CHILDREN K. MORRIS AND A. MORRIS, STEPHANIE MORRIS, AND ADAORAH MORRIS, Appellants

No. 05-13-01425-CV          V.

UNIFIED HOUSING FOUNDATION INC., UNIFIED HOUSING OF INWOOD, LLC D/B/A INWOOD ON THE PARK APTS., SUNCHASE AMERICAN, LTD., CITY OF DALLAS, AND LUI AKWURUOHA, Appellees

On Appeal from the 14th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-11-15358.
Opinion delivered by Justice Whitehill. Justices Francis and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment dismissing appellants Albert Morris and Tilda Morris, for and on behalf of themselves and for their minor children K. Morris and A. Morris, Stephanie Morris, and Adaorah Morris's claims under 42 U.S.C. §§ 1981–1983 against appellees Unified Housing Foundation, Inc., Unified Housing of Inwood, LLC d/b/a Inwood on the Park Apts., and Sunchase American, Ltd. We also **REVERSE** the award of $3,600 to appellee Lui Akwuruoha and **RENDER** judgment that appellee Lui Akwuruoha take nothing on his request for attorney's fees. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 21st day of August, 2015.