124 S.W.3d 417 (2004)
In the Interest of B.A.B., a child.
No. 05-02-01694-CV.
Court of Appeals of Texas, Dallas.
January 14, 2004.
*418 Traci Truly, Garland, Richard Ducote, New Orleans, LA, for appellant.
Diana L. Porter, McKinney, for appellee.
Before Chief Justice THOMAS and Justices JAMES and FITZGERALD.

OPINION
Opinion By Justice JAMES.
Elene T. Guthrie appeals from a final order on Mark Roger Buckly's motion to modify a suit affecting the parent-child relationship and his motion for enforcement of an order in a suit to establish parentage. Guthrie brings eleven issues in which she argues the trial court erred *419 by: (1) not granting her special exceptions concerning lack of specificity, jurisdiction, and notice; (2) granting the motion to enforce; (3) granting the motion to modify; (4) denying appellant's request to testify; (5) awarding attorney's fees for trial and appeal; (6) not finding Buckly's motions were brought in bad faith; (7) overruling Guthrie's objections; and (8) ordering restitution to Buckly for an alleged missed visit. The facts are well known to both parties; thus we do not recite them here in detail. We affirm the trial court's judgment.
The 380th Judicial District Court entered an order establishing paternity and joint conservatorship on June 17, 1998. Buckly brought actions before the court in October 2001, including a motion for enforcement and a motion to modify. With her answer, Guthrie filed a motion to dismiss and special exceptions. The parties entered a Rule 11 agreement in February 2002. This agreement disposed of Buckly's request to be named sole managing conservator of the child; the agreement did not address modifications Buckly sought concerning the terms and conditions of conservatorship or possession and access. The case was tried on July 30, 2002, and the court overruled Guthrie's special exceptions, awarded attorney's fees to Buckly, and entered an order on the motion to modify. The court did not enter a separate order on the motion to enforce but addressed those issues in its order on the motion to modify.

JURISDICTION
In her second issue, Guthrie contends the trial court erred by not granting her special exception in which she challenged the trial court's jurisdiction. Guthrie's complaint is based on her place of domicile at the time of filing the special exception: Guthrie moved with B.A.B. to Florida in November 2001, and Buckly lives in California. However, Guthrie and the child lived in Texas when Buckly initially filed his motions.
Subject matter jurisdiction is a question of law, and we apply a de novo standard of review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); see also Drilltec Techs., Inc. v. Remp, 64 S.W.3d 212, 215 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (noting that subject matter jurisdiction can be attacked by special exceptions, among other means). In the present case, the jurisdictional issue is governed by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). See TEX. FAM.CODE ANN. §§ 152.001-.317 (Vernon Supp.2003). A court that has made a child custody determination may modify the determination if it has jurisdiction to make an initial determination under section 152.201. See id. § 152.202(b). Under the plain language of section 152.201, the date for determining whether a Texas court has jurisdiction to make an initial determination is the date of commencement of the proceeding in Texas. See In re McCormick, 87 S.W.3d 746, 750 (Tex.App.-Amarillo 2002, no pet.) (basing the time calculations for determining the home state on the date the motion to modify was filed). "Commencement" is defined as "the filing of the first pleading in a proceeding." TEX. FAM.CODE ANN. § 152.102(5).
Guthrie and the child lived in Texas when Buckly filed both his motion to modify and his motion to enforce in October 2001. That date determines whether the UCCJEA confers jurisdiction on a Texas court.[1]See In re McCormick, 87 S.W.3d *420 at 750. Accordingly, the Texas court had jurisdiction, and we resolve Guthrie's second issue against her.

ISSUE WAVIER
Rule 38 of the rules of appellate procedure provides that a brief to the court of appeals shall contain, among other things, "a clear and concise argument for the contentions made, with appropriate citations to authorities and the record." Tex.R.App. P. 38.1(h); Trenholm v. Ratcliff, 646 S.W.2d 927, 934 (Tex.1983); see also Fredonia State Bank v. General Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to waive point of error due to inadequate briefing). The failure to adequately brief an issue, either by failing to specifically argue and analyze one's position or provide authorities and record citations, waives any error on appeal. See Fredonia State Bank, 881 S.W.2d at 283-84.
In her first issue, Guthrie argues the court erred in not granting her special exception concerning lack of specificity. She generally argues the trial court erred by granting the motion to enforce in her fourth issue and by granting the motion to modify in her fifth issue. In her tenth issue, Guthrie contends the trial court erred by overruling her objections to leading questions, hearsay evidence, and "other inadmissible evidence." In her eleventh issue, Guthrie states the trial court should not have ordered her to pay funds to Buckley for an alleged missed visit. In each of the issues, her first, fourth, fifth, tenth, and eleventh, Guthrie cites no case or controlling law to provide this Court with authority in support of her argument. She has accordingly waived these issues due to inadequate briefing, and we resolve issues one, four, five, ten, and eleven against her. See Tex.R.App. P. 38.1(h).

SPECIAL EXCEPTION/RULE 11 AGREEMENT
In her third issue on appeal, Guthrie states "[a]s a result of the Rule 11 agreement, [she] was not on fair and reasonable notice as to what Mr. Buckly was seeking." We reverse a court's ruling on a special exception only if there has been an abuse of discretion. Ledesma v. Allstate Ins. Co., 68 S.W.3d 765, 773 (Tex.App.-Dallas 2001, no pet.). Guthrie asserts that after the parties entered into the Rule 11 agreement, there was nothing left from Buckly's motions to provide fair and reasonable notice as to relief he sought. We disagree.
The Rule 11 agreement states the parties agreed to settle "certain claims and controversies" and Buckly withdrew his request to be named sole managing conservator. The agreement further states, "Buckly does not withdraw his remaining requests contained in the [Motion to Modify]." After a review of the motion to modify, we conclude that after the agreement was entered, Buckly still sought modifications concerning the terms and conditions of conservatorship and a modification concerning terms of possession and access, both referenced in his original motion. We hold the trial court did not abuse its discretion in denying Guthrie's special exception concerning notice. We resolve Guthrie's third issue against her.

BAD FAITH
In her ninth issue on appeal, Guthrie argues the court erred in not finding Buckly's motions were brought in bad faith. Guthrie cites only to rule 13 as authority for her argument, but she does not apply it to the facts of this case and *421 she does not explain how the rule was violated. See Tex.R. Civ. P. 13. She has, therefore, waived this issue. See Tex. R.App. P. 38.1(h); Fredonia State Bank, 881 S.W.2d at 283-84.
Notwithstanding waiver, however, Guthrie's argument lacks merit. Rule 13 refers to motions either "groundless and brought in bad faith" or "brought for the purpose of harassment." Id. Guthrie asserts counsel for Buckly "admitted that there was no legal or factual basis for her motion to hold Ms. Guthrie in contempt and to jail her for 19 separate allegations of contempt of court." Guthrie fails to address the portion of the motion requesting the court to enter a clarifying order "if ... any part of the order sought to be enforced is not specific enough to be enforced by contempt." Based on that language, we conclude the court did not abuse its discretion, and we resolve her ninth issue against her.

EXCLUSION OF GUTHRIE'S TESTIMONY
In her sixth issue, Guthrie argues the trial court erred in refusing to allow her to testify at the July 30, 2002 hearing. Guthrie argues the court erred because it cannot preclude a party's testimony for failure to respond. Buckly's objection to Guthrie's testimony, however, was based on her ability to testify "to anything that [he] asked her and she didn't answer" in the discovery requests. The court sustained that objection. The court did not discuss lack of identifying a witness, and Buckly did not object on the basis of failure to identify Guthrie as a witness.
We review a trial court's discovery rulings under an abuse of discretion standard. Avary v. Bank of America, N.A., 72 S.W.3d 779, 787 (Tex.App.-Dallas 2002, pet. denied). When a party fails to timely respond to discovery requests, the court may exclude material or information not timely disclosed. TEX.R. CIV. P. 193.6(a). The court may also exclude the testimony of a witness who was not identified, but the court may not exclude the testimony of a party-witness. Id. The evidence may be admissible, however, if the court finds good cause or no unfair surprise. Id. The party who seeks to introduce the evidence has the burden of establishing good cause or lack of unfair surprise. Id. 193.6(b).
The only case Guthrie cites in her argument under this issue is Chrysler Corp. v. Blackmon, 841 S.W.2d 844 (Tex.1992). Blackmon did not address issues of not allowing a party witness to testify as to evidence not disclosed in requests for discovery; Blackmon involved the striking of the plaintiff's pleadings. Guthrie fails to apply Blackmon to the present case, and we see no relation to the present facts.
Guthrie also argues the court erred by ruling "the ... defense of `no surprise' did not exist." Guthrie points to the record where her counsel and the court discuss surprise. The following exchange took place:
COUNSEL FOR GUTHRIE: Because there's no surprise, Your Honor. The court hasif they can show that they're surprised, prejudiced by something that they didn't know, but none of this is new stuff. This issue was
TRIAL COURT: No. That's not the standard, sir. That's really not the standard, at least as I understand it.
COUNSEL FOR BUCKLY: I don't believe it is, Your Honor. I think it's automatic.
TRIAL COURT: Well, let me ask you this
COUNSEL FOR BUCKLY: And I would be surprised, especially on that issue.
Guthrie argued Buckly had the burden to show surprise. However, the standard *422 places the burden on the party seeking to introduce the evidence. See Tex.R. Civ. P. 193.6(b). As seen in the above exchange, Guthrie did not meet this burden. Furthermore, Guthrie did not request to testify as to any matter not covered by the discovery requests, and she made no offer as to what testimony she asserts was precluded in error. See Weng Enters., Inc. v. Embassy World Travel, Inc., 837 S.W.2d 217, 221 (Tex.App.-Houston [1st Dist.] 1992, no writ) (finding no basis for reviewing a contention that the trial court committed reversible error in excluding evidence in the absence of a bill of exception or offer of proof). The court concluded, as reflected in the findings of fact and conclusions of law, that Guthrie did not show good cause or that the evidence she sought to introduce would not unfairly surprise Buckly. We agree, and we resolve Guthrie's sixth issue against her.

ATTORNEY'S FEES
In her seventh issue, Guthrie argues the court erred in awarding attorney's fees for the trial court proceeding. A trial court may order a party to pay reasonable attorney's fees and costs in a suit affecting the parent child relationship. Tex. Fam.Code Ann. § 106.002 (Vernon 2002); Bruni v. Bruni, 924 S.W.2d 366, 368 (Tex.1996) (holding award of attorney's fees in suit affecting the parent-child relationship is within the trial court's discretion). We review the trial court's award of attorney's fees under an abuse of discretion standard. Tropoli v. Markantonis, 740 S.W.2d 563, 565 (Tex.App.-Houston [1st Dist.] 1987, no writ).
Guthrie's argument is premised on her contention there was bad faith, the relief sought was unjustified, and the case lacked substance. We have concluded the court did not err in not finding bad faith or in denying Guthrie's special exceptions concerning notice. The Rule 11 agreement disposed of Buckly's request to be named sole managing conservator of the child, but after the agreement was entered, Buckly still sought modifications concerning the terms and conditions of conservatorship and possession and access. We conclude, therefore, the court did not abuse its discretion in awarding attorney's fees. We resolve Guthrie's seventh issue against her.

ATTORNEY'S FEES ON APPEAL
In her eighth issue on appeal, Guthrie argues the court erred in awarding attorney's fees on appeal. Contrary to Guthrie's contentions, the trial court has the authority to award attorney's fees on appeal, and in a case under the family code, the court may even award fees against the successful party when it is in the best interest of the child. See Goheen v. Koester, 794 S.W.2d 830, 835-36 (Tex. App.-Dallas 1990, writ denied). Guthrie has shown neither how the court abused its discretion in awarding attorney's fees on appeal nor how this was contrary to the best interest of the child. We resolve Guthrie's eighth issue against her.
We affirm the judgment of the trial court.
NOTES
[1] Guthrie argues the date to use in determining jurisdiction should be February 22, 2002 when the parties entered into a Rule 11 agreement. We do not address this argument. Guthrie has waived this argument as she has failed to provide any authority in support of her contention. See Tex.R.App. P. 38.1(h).