Although I concur in the result reached by the main opinion, I respectfully disagree with the analysis provided therein. Most fundamentally, I disagree with the starting premise of the main opinion's analysis, namely, that Alabama is the "home state" of the child.
Section 30-3B-102(7), Ala. Code 1975, defines the "home state" as
 "[t]he state in which the child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned."
In this case, the child was born on April 8, 2003, in Alabama. Three weeks after the child's birth, the mother moved with the child to Virginia. On October 12, 2003, after the child attained six months of age, but before the child had lived with the *Page 177 
mother in Virginia for six consecutive months, the father filed a divorce action in Alabama. Thus, with respect to the child-custody proceeding commenced in Alabama, the child did not live in Alabama with a parent or a person acting as a parent "for at least six consecutive months immediately before the commencement of [the] child custody proceeding." Therefore, Alabama was not the child's home state under the first sentence of § 30-3B-102(7).
Nor does Alabama qualify as the home state under the second sentence of § 30-3B-102(7). First, the second sentence of § 30-3B-102(7) expressly applies only "[i]n the case of a child less than six months of age." As noted, the child in this case was just over six months of age when the Alabama action was filed. Furthermore, reading the first and second sentences of § 30-3B-102(7) in pari materia, it is apparent that Alabama could be the child's home state under the second sentence of § 30-3B-102(7) only if the child had "lived from birth" in Alabama until "the commencement of a child custody proceeding" in Alabama.
Although Alabama does not constitute the home state of the child for purposes of the Alabama action, Virginia does constitute the "home state" of the child for purposes of the custodyproceeding filed by the mother in Virginia on October 29,2003. The filing date of the Virginia action was six months and one day after the child began living with the mother in Virginia. Thus, the child did live in Virginia, with a parent or a person acting as a parent, "for at least six consecutive months immediately before the commencement of [the] child custody proceeding" in that state.
The fact that Alabama does not qualify as the child's "home state" for purposes of the Alabama action and that Virginia does qualify as the child's "home state" for purposes of the Virginia action, however, is not dispositive of the question whether the Alabama court properly exercised jurisdiction over theAlabama action. This is so because jurisdiction in Alabama can be grounded, under § 30-3B-201(a)(2)-(4), Ala. Code 1975, on bases other than Alabama being the "home state" of the child.Assuming the Alabama court has jurisdiction of the Alabamaaction under one of these other statutory bases, and given the fact as discussed above that the Virginia court has jurisdiction over the Virginia action, the competition for jurisdiction over the custody dispute must be resolved under § 30-3B-206(b), Ala. Code 1975. Under § 30-3B-206, the Alabama court is required to dismiss the Alabama action and defer to the proceedings in the other state only if the Alabama court determines "that a child custody proceeding has been commenced in a court in another state" prior to the commencement of the Alabama action (and the court in the other state has jurisdiction substantially in accordance with the UCCJEA). Ala. Code 1975, § 30-3B-206; see also Official Comment, Ala. Code 1975, § 30-3B-206 ("Under this Act, the simultaneous proceedings problem will arise only when there is no home state, no state with exclusive continuing jurisdiction and more than one significant connection state. For those cases, this section retains the `first in time' rule of the UCCJA [Uniform Child Custody Jurisdiction Act].").
Accordingly, I now turn to the question whether the above-stated assumption — that the Alabama court has jurisdictionof the Alabama action under one of the statutory bases stated in § 30-3B-201(a)(2)-(4) — is correct. Of the other bases provided within these subsections, I find §30-3B-201 (a)(2) to be dispositive, and I conclude that the Alabama court has jurisdiction. *Page 178 
That section is applicable when, among other things, "[a] court of another state does not have jurisdiction under [§ 30-3B-201(a)](1)." This condition is satisfied in the present case because in order to satisfy the requirement under subdivision (1), Virginia would have had to have been the "home state" of the child on the date of the "commencement of the proceeding" in Alabama.[4] As noted above, it was not. In other words, no other state qualified as a "home state" for the child as of the date of the commencement of the Alabama proceeding. The other conditions that must be met for jurisdiction under §30-3B-201(a)(2) are (a) that the child and at least one parent, or person acting as a parent, have a significant connection with this state other than mere physical presence and (b) that substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships. Although it is a close question, I conclude that these requirements are satisfied under the facts of the present case, and I therefore conclude that the Alabama court properly had and exercised jurisdiction over the custody proceeding filed in Alabama. Accordingly, I concur in the result reached by the main opinion.
[4] The Alabama court's jurisdiction over the custody proceeding filed in Alabama is determined as of the date of that filing. See J.B. v. A.B., 888 So.2d 528, 531
(Ala.Civ.App. 2004) (discussing the time of the commencement of the action in Alabama as the pertinent date to determine whether the Alabama trial court has jurisdiction under § 30-3B-201);see also, e.g., In re B.A.B., 124 S.W.3d 417, 419
(Tex.App. 2004) ("[T]he date for determining whether a Texas court has jurisdiction to make an initial determination [under the UCCJEA] is the date of commencement of the proceeding in Texas.").