**Affirm and Opinion Filed August 8, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00453-CV**

**PRISCILLA BOUIE, Appellant**
**V.**
**KIRKLAND'S STORES, INCORPORATED, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-00666-2011**

**MEMORANDUM OPINION**

Before Chief Justice Wright, Justice FitzGerald, and Justice Lewis
Opinion by Justice FitzGerald

Appellant Priscilla Bouie sued appellee Kirkland's Stores, Incorporated for personal injuries. The trial judge granted a no-evidence summary judgment in favor of appellee. Bouie appealed. We affirm.

### I. BACKGROUND

In her live pleading, Bouie alleged that a three-pound candle fell onto her head while she was shopping in appellee's store. She further alleged that the impact caused her serious injuries. Appellee filed a no-evidence motion for summary judgment about nine months after Bouie filed suit.

The appellate record does not contain Bouie's response to appellee's motion for summary judgment. Moreover, the trial court's computer-generated docket sheet that does appear in our

record contains no entry reflecting that Bouie ever filed a response to appellee's motion for summary judgment. Nevertheless, counsel for appellee received a copy of Bouie's response and filed objections to the evidence that was attached to the response.

The trial judge conducted a hearing on appellee's motion for summary judgment. During the hearing, the judge said that she could not find Bouie's response in the file and "didn't see it online." After hearing argument, the judge orally granted appellee's motion. That same day, the judge signed an order granting appellee's motion and sustaining appellee's objections to Bouie's summary-judgment evidence.

Bouie timely filed her notice of appeal. Later, her attorney filed a motion to withdraw as counsel, and we granted the motion. Bouie filed an appellant's brief pro se. We sent Bouie a notice that her brief was deficient in several respects. We pointed out that she had failed to include appropriate citations to the record and to authorities in the argument section of her brief. Bouie then filed an amended brief. She raises one issue on appeal: "Was the Defendant Kirkland's Stores Inc[.] negligent in actions contributing to or causing the occurrence, and by failing to exercise due care and caution for the safety of plaintiff in the occurrence which led to permanent health issues of the plaintiff?"

## II. ANALYSIS

We conclude that Bouie's amended appellate brief is inadequate. "[W]e hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure." *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.). "The failure to adequately brief an issue, either by failing to specifically argue and analyze one's position or provide authorities and record citations, waives any error on appeal." *In re B.A.B.*, 124 S.W.3d 417, 420 (Tex. App.—Dallas 2004, no pet.). Bouie's amended appellant's brief contains no citations to the record. The argument section of her brief consists of

a single paragraph that contains no citations to authority and that amounts to a repetition of some of the allegations in her live pleading. The brief contains no argument explaining how the summary-judgment evidence raises genuine fact issues on the elements that appellee challenged in its no-evidence motion for summary judgment. In sum, Bouie's amended brief presents nothing for us to review. Bouie has waived her sole issue on appeal. *See In re N.E.B.*, 251 S.W.3d at 212 ("When a party fails to adequately brief a complaint, he waives the issue on appeal.").

Bouie's appeal suffers from another fatal flaw. The appellate record does not contain her summary-judgment response. Indeed, the record indicates that her response was never actually filed in the trial court. It was Bouie's burden to present a sufficient clerk's record to permit us to review her complaint. *See Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam) ("[Appellant] bears the burden to bring forward the record of the summary judgment evidence to provide appellate courts with a basis to review his claim of harmful error."). Because the record does not contain Bouie's summary-judgment response, and she makes no challenge to the sufficiency of appellee's no-evidence motion for summary judgment, we must affirm. *Cf. Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i).").

## III. CONCLUSION

We affirm the trial court's judgment.

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE

120453F.P05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PRISCILLA BOUIE, Appellant

No. 05-12-00453-CV          V.

KIRKLAND'S STORES,
INCORPORATED, Appellee

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-00666-2011.
Opinion delivered by Justice FitzGerald.
Chief Justice Wright and Justice Lewis
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee KIRKLAND'S STORES INCORPORATED recover its costs of this appeal from appellant PRISCILLA BOUIE.

Judgment entered August 8, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE