

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00285-CV

---

IN THE INTEREST OF C.H., A CHILD

---

On Appeal from the 16th District Court
Denton County, Texas[1]
Trial Court No. 16-09185-16, Honorable Sherry Shipman, Presiding

---

December 31, 2019

OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Charles Richard Halstead, III, appeals the trial court's order dismissing his petition to adjudicate parentage. By his appeal, Halstead contends the trial court abused its discretion in declining to exercise jurisdiction and determining that Indiana is a more appropriate forum. We affirm.

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Second Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

Background[2]

The child the subject of this suit, C.H., was born in Texas on March 30, 2005. On November 7, 2016, Halstead, the alleged father of C.H., filed his petition to adjudicate parentage in Denton County, Texas. Approximately a week later, the child's mother, Tana M. Wagganer, sold her home in Denton County, and Wagganer and C.H. moved to Pierceton, Kosciusko County, Indiana. On November 28, 2016, the trial court entered temporary orders. Wagganer did not attend the hearing on temporary orders and defaulted. The temporary orders granted Wagganer the exclusive right to designate the primary residence of C.H. in Denton and contiguous counties, and gave Halstead a standard possession schedule and ordered that he pay child support. Thereafter, in August of 2017, the parties agreed to modified temporary orders giving Wagganer the right to designate C.H.'s residence in Indiana and modifying Halstead's visitation and child support.

On January 25, 2018, the trial court issued a notice of non-jury dismissal setting for failure to dispose of the case within the time standards prescribed by local rule. Neither party appeared at the dismissal hearing and, on March 13, the trial court signed an order of dismissal for want of prosecution. The next day, Wagganer filed a petition to establish paternity in Indiana. On March 28, Halstead filed a motion to reinstate the Texas case alleging that his failure to appear for the dismissal hearing was not intentional or the result of conscious indifference. Wagganer filed a response to the motion to reinstate and a verified plea to the jurisdiction requesting dismissal of the Texas proceeding.

---

[2] The following facts are taken from the trial court's orders and the parties' pleadings to the extent the facts are undisputed.

On April 9, a hearing was held on the motion to reinstate.[3] Prior to ruling on the motion, the court allowed Halstead to file a response to Wagganer's plea to the jurisdiction. The Texas court signed an order granting reinstatement on April 27. A docket entry for May 22 indicates that the Texas judge "conferred with Indiana judge regarding pending action in Indiana; will confer after hearing held there." On June 1, the Indiana court held a hearing and signed an order denying and overruling Halstead's objection to jurisdiction in Indiana. On June 12, the Texas court found the State of Indiana is a more appropriate forum, declined to exercise jurisdiction, and dismissed Halstead's suit.

On appeal, Halstead contends that the trial court abused its discretion by dismissing his suit because Texas has "home state" jurisdiction pursuant to Chapter 152 of the Texas Family Code. In two sub-issues, Halstead complains that the trial court failed to stay and abate the proceedings prior to deciding jurisdiction.

Law

Jurisdiction Under the Uniform Child Custody Jurisdiction Enforcement Act

The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) governs jurisdiction over child custody issues between Texas and other states. TEX. FAM. CODE. ANN. ch. 152. (West 2014);[4] *In re Isquierdo*, 426 S.W.3d 128, 131 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). Section 152.201(a) is the "exclusive jurisdictional basis for making a child custody determination by a court of this state," and it provides that

---

[3] No record was provided for this hearing.

[4] Further references to provisions of the Texas Family Code will be by reference to "section __" or "§ __."

Texas has jurisdiction to make an initial child-custody determination if one of four circumstances are met.  *Waltenburg v. Waltenburg*, 270 S.W.3d 308, 313 (Tex. App.—Dallas 2008, no pet.); *see also* § 152.102(8) (defining "initial determination" as "the first child custody determination concerning a particular child.").  As relevant to this case, the UCCJEA provides that Texas has jurisdiction to make an initial child custody determination if it was the home state of the child on the date of the commencement of the proceeding.  § 152.201(a)(1).  The Family Code defines "home state" as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding."  § 152.102(7).

Inconvenient Forum

A Texas court that has jurisdiction over a child custody proceeding may decline to exercise its jurisdiction if "it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." § 152.207(a); *Lesem v. Mouradian*, 445 S.W.3d 366, 372 (Tex. App.—Houston [1st Dist.] 2013, no pet.).  In conducting this analysis, the court must consider whether it is appropriate for the court of another state to exercise jurisdiction.  § 152.207(b); *Lesem*, 445 S.W.3d at 372.  In making this determination, the court

> shall allow the parties to submit information and shall consider all relevant factors, including: (1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; (2) the length of time the child has resided outside the state; (3) the distance between the court in this state and the court in the state that would assume jurisdiction; (4) the relative financial circumstances of the parties; (5) any agreement of the parties as to which state should assume jurisdiction; (6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child; (7) the ability of the court of each state to decide the issue expeditiously and the procedures

4

necessary to present the evidence; and (8) the familiarity of the court of each state with the facts and issues in the pending litigation.

§ 152.207(b).

## Standard of Review

We review a trial court's decision to decline to exercise jurisdiction as an inconvenient forum for abuse of discretion. *Baggs v. Becker*, No. 03-07-00731-CV, 2009 Tex. App. LEXIS 845, at *4-5 (Tex. App.—Austin Feb. 6, 2009, pet. denied) (mem. op.) (citing *Hart v. Kozik*, 242 S.W.3d 102, 106 (Tex. App.—Eastland 2007, no pet.)). A trial court abuses its discretion when its decision is arbitrary, unreasonable, and without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We reverse only when it appears from the record as a whole that the trial court abused its discretion. *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.).

## Analysis

In his first issue, Halstead contends that the trial court erred by dismissing his suit and allowing the Indiana court to acquire jurisdiction "when Texas first had and continued to have home state jurisdiction pursuant to Ch. 152 of the Texas Family Code." Wagganer responds that there is no abuse of discretion because, at the time she filed her suit in Indiana, the Texas case had been dismissed and Indiana was the home state of the child.

In an initial child custody determination under the UCCJEA, a Texas court first determines if Texas is the home state of the child. §§ 152.102(7), .201(a)(1). Because the UCCJEA prioritizes home state jurisdiction, if any state is deemed to be the child's home state, generally no other state may exercise jurisdiction to make an initial child

custody determination. *Powell v. Stover*, 165 S.W.3d 322, 327-28 (Tex. 2005) (orig. proceeding). The date of the child custody proceeding's commencement is used as the point of reference from which to determine the child's home state. *In re Brown*, 203 S.W.3d 888, 891 (Tex. App.—Fort Worth 2006, orig. proceeding). A proceeding is commenced at "the filing of the first pleading . . . ." § 152.102(5).

After reinstatement of Halstead's suit, the record indicates that the first pleading in the parentage action was filed in Texas on November 7, 2016. In his response to Wagganer's plea to the jurisdiction, Halstead alleged that C.H. was a resident of Texas from birth until he was removed from the state by Wagganer on November 14, 2016. Based on the facts contained in the record, we conclude that Texas was the home state of C.H. when Halstead filed his parentage action on November 7, 2016. *In re B.A.B.*, 124 S.W.3d 417, 419-20 (Tex. App.—Dallas 2004, no pet.) (concluding Texas court had jurisdiction under the UCCJEA by examining facts as of the date the proceeding commenced).

However, our determination that Texas has home state jurisdiction under the UCCJEA is not dispositive of this appeal in light of the trial court's determination that Texas is an inconvenient forum. The Act provides that "[a] court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." § 152.207(a). The issue of inconvenient forum may be raised upon motion of a party, sua sponte by the court, or by the request of another court. *Id.* Before the court decides that it is an inconvenient forum, it "shall consider all relevant factors . . . ." § 152.207(b). The

statute does not require that the trial court conduct an evidentiary hearing but requires that the court "allow the parties to submit information . . . ." *Id.* Before determining whether to decline or retain jurisdiction, "the court of this state may communicate, in accordance with Section 152.110, with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court." § 152.207 cmt.[5]

In her verified plea to the jurisdiction, Wagganer alleged the following facts relevant to the inconvenient forum issue:

> On 11/14/16, Respondent, Tana M. Wagganer and the child began residing in Pierceton, Kosciusko County, Indiana;
>
> On 11/15/16, the child enrolled in school at Whitco Middle School, in Larwil, Indiana[,] in the 6th grade and the child is attending the same school and is now in the 7th grade;
>
> On 3/14/18, [Wagganer] filed a "Verified Petition to Establish Paternity" in the Kosciusko Superior Court #1, Kosciusko County, Indiana;
>
> The child the subject of this suit is involved in a Wednesday night Church Youth Group, is taking guitar lessons[,] and is active in his school "Spirit Group";
>
> The child is seeing [a] psychiatrist and psychologist in Indiana since November 2016;
>
> There is substantial evidence in Indiana concerning the child's care, protection, training and personal relationships; and
>
> There are not current or relevant records or other evidence in Texas.

The trial court requested a response to the plea to the jurisdiction from Halstead and his response was filed on April 24, 2018, approximately a month before the Texas court communicated with the Indiana court. In his response, Halstead requests the court

---

[5] "Communication between courts is required under Sections 152.204, 152.206, and 152.306[,] and strongly suggested in applying Section 152.207." § 152.110 cmt.

to consider its ability "to expeditiously decide the issues in this case and the familiarity of [the Texas] court with the facts and issues in this case." He also averred, "This matter has been pending on this court's docket since November 2016. [Halstead's] counsel was in communication with [Wagganer's] counsel to make the temporary orders in this case permanent orders[ ] at the time of the DWOP."

Unlike the "home state" jurisdictional provisions, section 152.207 does not restrict the trial court to the date that the custody case was filed in determining if Texas is an inconvenient forum. This is significant in this case because approximately eighteen months passed between the date the suit commenced in Texas and the date the trial court entered its order determining that Texas is an inconvenient forum in deference to Indiana. During this eighteen-month period, the child and mother resided in Indiana, the child attended school in Indiana where he is active in a school spirit group, a church youth group, and takes guitar lessons. The child also sees a psychiatrist and psychologist in Indiana.

By considering all relevant factors, including the statutorily enumerated factors in section 152.207(b), we conclude that the trial court did not abuse its discretion in declining to exercise jurisdiction based on its finding that Indiana is a more appropriate forum for this proceeding. We overrule issue one.

In a sub-issue, Halstead complains that the Texas court failed to stay the proceedings in accordance with section 152.206,[6] and based its decision on Indiana's order denying his objection to jurisdiction.

The purpose of the simultaneous proceeding statute is to deal with situations where a Texas court and the court of another state are "both legitimately exercising custody jurisdiction at the same time." *In re J.P.L.*, 359 S.W.3d 695, 710 (Tex. App.—San Antonio 2011, pet. denied). As we discussed above, the UCCJEA prioritizes home state jurisdiction. § 152.201(a)(1). The comments to section 152.206 indicate "the simultaneous proceedings problem will arise only when there is no home state . . . ." § 152.206 cmt. Since Texas is the home state of C.H., the Indiana court could not have exercised jurisdiction in substantial conformity with the UCCJEA. *In re E.K.N.,* 24 S.W.3d 586, 592 (Tex. App.—Fort Worth 2000, no pet.) (recognizing that, because Texas was the home state and the UCCJEA gives priority to home state jurisdiction, "the Los Angeles County Superior Court could not have exercised jurisdiction in substantial conformity with Chapter 152."). Thus, the Texas court did not abuse its discretion by not staying the proceedings in this case. Furthermore, we do not engage in any speculation whether the Texas court based its decision on a determination made by the Indiana court. The question of whether Indiana is a more appropriate forum than Texas is not for the Indiana

---

[6] Section 152.206 addresses simultaneous proceedings and provides that a Texas court may not exercise jurisdiction if, at the time of the commencement of the proceeding, "a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity" with the UCCJEA, "unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Section 152.207." § 152.006(a). Section 152.206 further provides that if a Texas court determines that a child custody proceeding has been commenced in another state "having jurisdiction substantially in accordance" with the UCCJEA, the Texas court must stay its proceeding and communicate with the court of the other state. § 152.206(b). If the court of the other state does not determine that Texas is a more appropriate forum, the Texas court must dismiss the case. *Id.*

court to decide; it is a determination that must be made by a court in the child's home state, which in this case is Texas. When, as here, the trial court is not requested to file findings of fact and conclusions of law, we imply all findings necessary to support the trial court's judgment, including findings that the State of Indiana is a more appropriate forum. *Waltenburg*, 270 S.W.3d at 319. We overrule Halstead's first sub-issue.

In his remaining sub-issue, Halstead argues that the trial court failed to follow the provisions of section 152.110 and that, after the case was reinstated, he was not afforded an opportunity to present facts and legal arguments prior to the trial court deciding jurisdiction.

Section 152.110 addresses communication between courts, and grants trial courts discretion to allow the parties to participate in the communication with the court of the other state. If the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made. § 152.110(c). The UCCJEA requires the trial court to make a record of any communications, with the exception of those that merely involve schedules, calendars, court records, and similar matters. § 152.110(e), (f).

The record reflects that Halstead did not request any hearing or final setting between the time that the case was reinstated and the date the case was dismissed forty-five days later.[7] The only event of record that was conducted by the Texas trial court

---

[7] The trial court allowed Halstead to submit information, as contemplated by section 152.207(b), when it invited him to file a response to the plea to the jurisdiction. And Halstead, in fact, availed himself of the opportunity to present facts and legal arguments in his response. *Lesem*, 445 S.W.3d at 376. However, this section does not explicitly state that the trial court must hold an evidentiary hearing before making a determination that Texas is an inconvenient forum. *See* § 152.207(b).

during this time was a docket entry indicating that the judge conferred with the judge in Indiana regarding the pending action in Indiana and "will confer after hearing held there" on June 1. The content of the communication between the judges is not known because the communication was not recorded. However, Halstead did not object to the communication or to the failure to make a record. In addition, he did not request findings of fact and conclusions of law. Accordingly, we presume that the trial court's conversation with the Indiana judge supported the decision to decline to exercise jurisdiction because Indiana was a more appropriate forum. *Belmonte v. Belmonte*, No. 09-07-00225-CV, 2008 Tex. App. LEXIS 3503, at *11-12 (Tex. App.—Beaumont May 15, 2008, no pet.) (mem. op.). We overrule this sub-issue.

## Conclusion

Having concluded that the trial court acted within its discretion in declining to exercise jurisdiction based on its finding that Indiana is a more appropriate forum, we affirm the decision of the trial court.

Judy C. Parker
Justice

11