**AFFIRMED and Opinion Filed August 19, 2021**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01448-CV**

**IN THE INTEREST OF E.R.D., A CHILD**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-51929-2011**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Reichek

Father, appearing pro se, appeals the trial court's amended order modifying his child support obligation to increase the amount he pays and requiring him to pay Mother's attorney's fees. For reasons set out below, we affirm.

Father and Mother are the parents of E.R.D. In 2011, the trial court signed an agreed Child Support Review Order that established Father's paternity, appointed Father and Mother as joint managing conservators, gave Mother the exclusive right to designate E.R.D.'s primary residence, and ordered Father to pay child support in the amount of $665 per month and to maintain health insurance for the child. Six years later, on August 24, 2017, the trial court issued an order in a suit to modify the parent-child relationship which placed geographic restrictions on Mother's right to

designate E.R.D.'s primary residence and increased Father's child support obligation to $950 per month.

Less than a year later, Father filed a petition to modify the parent-child relationship, which was later amended. In his amended petition, Father sought to decrease his child support obligation based on a material and substantial change in circumstances and to restrict the child's domicile to the boundaries of the McKinney Independent School District. Mother filed a motion requesting the trial court deny the relief requested by Father. Both parties sought attorney's fees.

The trial court conducted an evidentiary hearing on July 19, 2019, and subsequently issued an amended order that denied the relief requested by Father in his petition to modify, granted Mother's request for increased child support, and ordered Father to pay $1,194 per month in child support. The court also ordered Father to pay Mother $4775 in attorney's fees. In response to Father's request, the trial court issued separate child support findings pursuant to section 154.130 of the Texas Family Code. After Father's post-judgment motion was overruled by operation of law, this appeal followed.

In his first issue, Father asserts the trial court erred in modifying the "agreed support order" of August 24, 2017 that was based on a mediated settlement agreement. It appears he argues that there was not a material and substantial change in circumstances to warrant an increase in his child support obligation. *See* TEX. FAM. CODE ANN. § 156.401(a–1) (if parties agree to child support order that deviates

–2–

from child support guidelines, court may modify obligation only if circumstances of child or person affected by order have materially and substantially changed since date of order's rendition).

Whether the evidence supported a material and substantial change in circumstance, however, requires a review of the evidence presented at the hearing. *See In re C.C.J.*, 244 S.W.3d 911, 917–18 (Tex. App.—Dallas 2008, no pet.) (trial court must examine and compare circumstances of parents and minor children at time of initial order with circumstances existing at time modifications sought). Here, Father has not filed a reporter's record of the hearing. When an appellant fails to file a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order. *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 804 (Tex. App.—Dallas 2006, pet. denied). Accordingly, we presume here that the evidence supports the trial court's order increasing the amount of child support to be paid by Father.

To the extent Father appears to argue that Mother could not be awarded increased child support because she asserted there had been no material or substantial change in circumstances in her pleadings, his failure to file a record is equally dispositive. The trial court's order states it is granting Mother's request for increased child support. Without a record, we must presume this issue was tried by consent. *See* TEX. R. CIV. P. 67 (issues not raised by pleadings may be tried by

consent and failure to amend pleadings shall not affect result of bench trial). We overrule the first issue.

In his second issue, Father asserts the trial court erred in awarding Mother her attorney's fees. Here, Father provides no legal authority to support his contention. "The failure to adequately brief an issue, either by failing to specifically argue and analyze one's position or provide authorities and record citation, waives an error on appeal." *In re B.A.B.*, 124 S.W.3d 417, 420 (Tex. App.—Dallas 2004, no pet.). Accordingly, we conclude this issue is waived. Moreover, to the extent Father is relying on arguments presented by Mother or challenging evidence adduced at the hearing, as stated previously, he did not file a reporter's record and we therefore presume the record supports the trial court's order. We overrule the second issue.

We affirm the trial court's order.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

191448F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF E.R.D., A CHILD

No. 05-19-01448-CV

On Appeal from the 380th Judicial District Court, Collin County, Texas Trial Court Cause No. 380-51929-2011.
Opinion delivered by Justice Reichek; Justices Molberg and Nowell participating.

In accordance with this Court's opinion of this date, the trial court's Amended Order in Suit to Modify Parent-Child Relationship is **AFFIRMED**.

It is **ORDERED** that appellees Jennifer Lynn Jacobsen and Office of the Attorney General of Texas recover their costs of this appeal from appellant Chima J. Ugokwe.

Judgment entered this 19th day of August 2021.