**Affirm and Opinion Filed November 3, 2021**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00645-CV**

**ALVESTER COLEMAN, Appellant**

**V.**

**PETRO-HUNT LLC, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-13807**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

In this lawsuit regarding mineral royalty payments, pro se appellant Alvester Coleman appeals the trial court's no-evidence summary judgment in favor of appellee Petro-Hunt LLC. We affirm the trial court's judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## Background

Mr. Coleman filed this lawsuit pro se against Petro-Hunt and Rusk County Electric Cooperative, Inc.[1] on September 17, 2018. His petition was titled "Original Petition in the Matter of Turnover Ownership." He asked the trial court to "demand [defendants] turnover ownership to property and production payments" regarding certain mineral leases "to correct owner Alvester Coleman." He stated defendants have refused to "turnover ownership" of "property belonging to my [deceased] mother" and "update the twenty-two (22) accounts from my mother's name into my own so that I may receive correct payments." He asserted, "This is the reason for my asking this court to DEMAND TURNOVER Ownership to I Alvester Coleman as I feel this is the best way to resolve this matter." He also claimed $50 billion in damages for "mental duress by property of ones own mother being denied turnover."

The "Supporting Factual Evidence" attached to the petition included (1) records from unspecified sources listing various mineral interests of several "owners," including Mr. Coleman and his mother; (2) a document describing Petro-Hunt as the "current operator" of a certain Rusk County mineral lease; (3) a "Texas Unclaimed Property General Claim Form" completed by Mr. Coleman, claiming "production payments" for which his mother is the "reported property owner"; (4) a

---

[1] The claims against Rusk County Electric Cooperative, Inc. were severed prior to the trial court's challenged summary judgment and are not part of this appeal.

2017 IRS "Wage and Income Transcript" for Mr. Coleman ; and (5) a print-out from the Rusk County Appraisal District's website showing details of several mineral interests owned by Mr. Coleman.

Following Petro-Hunt's general denial answer, the parties agreed to an August 2019 mediation. Though they reached no settlement, Mr. Coleman provided Petro-Hunt with an affidavit of heirship, which Petro-Hunt had previously requested several times. Petro-Hunt then sent him a letter stating that its records now show that he and another family member each own one-half of his mother's mineral interest in question and he will receive payments corresponding to his half from now on. In late August 2019, Petro-Hunt requested a six-month "agreed" abatement of this lawsuit, which the trial court granted.

After the six-month abatement ended and the discovery period closed, Petro-Hunt filed a May 14, 2020 no-evidence motion for summary judgment. Petro-Hunt's motion asserted, "Plaintiff's sole claim is for turnover of property and production payments. . . . There is no evidence of the following elements of Plaintiff's sole claim for turnover: A. Plaintiff has obtained a judgment against Defendant; B. Plaintiff is entitled to reach any of Defendant's property to obtain satisfaction on a non-existent judgment."

Mr. Coleman filed an "Objection" to the summary judgment motion. He contended, among other things, that Petro-Hunt (1) "has not responded to request

for turnover"; (2) "has not shown that there is no genuine issue of material fact"; (3) has "failed to provide" a "Division Order," "proof of ownership," and a "detailed list of debts"; and (4) "fails to state with particularity the grounds upon which their motion is based and the substantial matters of law to be argued." Mr. Coleman attached no evidence to his objection.

At the hearing on Petro-Hunt's motion, Mr. Coleman asserted "this is my property" and "they still ain't turned it over." He also stated "these guys had never showed no evidence."

Following the hearing, the trial court granted Petro-Hunt's no-evidence motion for summary judgment and ordered that Mr. Coleman take nothing on his claim against Petro-Hunt.[2]

## Analysis

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id*.; *see Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces

---

[2] After filing this appeal, Mr. Coleman filed another lawsuit against Petro-Hunt and others in a different Dallas trial court. That trial court signed an August 6, 2020 order declaring him a vexatious litigant.

summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i) & cmt.; *see Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). We review a trial court's no-evidence summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

On appeal, Mr. Coleman asserts six issues[3]:

1) W[]ere the Appellant denied their constitutional and civil rights?
2) Was the Appellant denied their rights under the Uniform Partition of Heirs Property Act?
3) Did the trial court err in the accepting of Appellee's "No Evidence Summary Judgment"?
4) Did the selective exclusion by Appellee omit Appellant from current mineral productions?
5) Whether Appellant's evidence and many denials show bias within the judicial system?
6) Whether through Appellee's o[w]n admission show Appellee and retained lead counsel as frivolous?

Mr. Coleman's first, second, fourth, fifth, and sixth issues were not raised or mentioned in the trial court. Moreover, his appellate brief contains no argument or authority regarding any of those issues. Thus, those issues present nothing for this Court's review. *See In re B.A.B.*, 124 S.W.3d 417, 420 (Tex. App.—Dallas 2004, no pet.) ("The failure to adequately brief an issue, either by failing to specifically argue

---

[3] This Court notified Mr. Coleman by letter that his July 2, 2020 appellate brief was deficient in multiple respects and thus did not satisfy the requirements of the Texas Rules of Appellate Procedure. Though we twice requested that he file an amended brief, he did not do so. This appeal was submitted on his July 2, 2020 appellate brief.

and analyze one's position or provide authorities and record citations, waives an error on appeal."); TEX. R. APP. P. 38.1(i).

His third issue's challenge to the trial court's no-evidence summary judgment also lacks any supporting argument or authority. *See In re B.A.B.*, 124 S.W.3d at 420. Consistent with his original petition, his appellate brief states he sued Petro-Hunt "for turnover." Though he cites portions of the evidence attached to his original petition, he does not address, and the record does not show, how any of that evidence supports the elements of his action against Petro-Hunt. Thus, his third issue also presents nothing for this Court's review. *See id.*

We affirm the trial court's judgment.

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE

210645f.p5

6



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ALVESTER COLEMAN, Appellant

No. 05-20-00645-CV          V.

PETRO-HUNT LLC, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-18-13807. Opinion delivered by Justice Carlyle. Justices Myers and Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of November, 2021.